**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose DOMINGUEZ–GARCIA,**
**Defendant–Appellant.**

**No. 13–50501.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 20, 2014.

Filed Dec. 17, 2014.

David P. Finn, Assistant U.S. Attorney, Mark R. Rehe, Assistant U.S. Attorney, Bruce R. Castetter, Assistant U.S. Attorney, Matthew Sutton, Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Sandra Hourani, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER and NGUYEN, Circuit Judges, and ZOUHARY,* District Judge.

MEMORANDUM **

Defendant–Appellant Jose Dominguez–Garcia appeals his conviction for illegal reentry in violation of 8 U.S.C. § 1326. Dominguez–Garcia was previously removed after a conviction for possessing methamphetamine for sale. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and now affirm.

---

* The Honorable Jack Zouhary, United States District Judge, Northern District of Ohio, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The district court did not err when it denied Dominguez–Garcia's motion to dismiss the indictment. Our case law establishes that California Health & Safety Code § 11378 and similarly structured statutes are "divisible" within the meaning of *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), and therefore subject to the modified categorical approach. *See Padilla–Martinez v. Holder,* 770 F.3d 825, at 830 n. 1 (9th Cir.2014) (concluding Calif. Health & Safety Code § 11358 is divisible); *see also United States v. Torre–Jimenez,* 771 F.3d 1163 (9th Cir.2014) (holding Calif. Health & Safety Code § 11351 is divisible); *United States v. Huitron–Rocha,* 771 F.3d 1183 (9th Cir.2014) (holding Calif. Health & Safety Code § 13352(a) is divisible); *Coronado v. Holder,* 759 F.3d 977 (9th Cir. 2014) (holding Calif. Health & Safety Code § 11377(a) is divisible).

2. The complaint and abstract of judgment from the court of conviction were sufficient for the district court to conclude Dominguez–Garcia's prior conviction was an aggravated felony. *See United States v. Valdavinos–Torres,* 704 F.3d 679, 687–88 (9th Cir.2012). Dominguez–Garcia's abstract of judgment indicates he pled guilty to count 2 of the complaint. "Where, as here, the abstract of judgment unambiguously specifies that Defendant pleaded guilty to a specific count, we look to the facts alleged in that count in the charging document." *Torre–Jimenez,* 771 F.3d at 1169 (9th Cir. Nov. 7, 2014).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.